(No. 1760— )

DOMINIC DiCIANNI, ADMINISTRATOR OF THE ESTATE OF SALVATORE DiCIANNI, Deceased, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

THEODORE LEVIN, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Roe delivered the opinion of the court:

The claimant, Dominic DiCianni, Administrator of the estate of Salvatore DiCianni, deceased, claims damages for the death of his brother in the amount of Ten Thousand Dollars ($10,000).

Salvatore DiCianni, a minor, aged fifteen years, was shot while riding as a passenger in an automobile owned by one Frank Amato and driven by one Nick Amato. This automobile was proceeding in a northeasterly direction on Ogden Avenue near the intersection of Washington Boulevard, Chicago, Illinois. The declaration states that Police Officer Thomas B. Chapman, employed by the West Chicago Park Commissioners, shot the deceased while he was riding in the said car. However, the declaration does not give the circumstances under which the deceased was shot. Counsel for claimant asserts in his declaration that the said Thomas B. Chapman shot the deceased without provocation or justification.

To this claim, a Plea to Jurisdiction has been filed in behalf of the State of Illinois.

In the case of *Perkins, Fellows and Hamilton* vs. *State*, 4 C. C. R. 197, the rule is clearly and definitely set fourth that the Court of Claims has no jurisdiction over the suits against Municipal Corporations. Inasmuch as the Supreme Court of our State has decided that the West Park Board of Commissioners is a Municipal Corporation created by an Act of the Legislature in February, 1869, this court is without jurisdiction in this case. Claimant maintains that he is without remedy except in the Court of Claims and seeks award in equity and good conscience. It has been uniformly set forth that this court is of the opinion that the Legislature of this State did not intend to include in the Act creating the Court of Claims any authority to obligate the State of Illinois, either as a matter of law or through equity and good conscience, in cases of this character.

Inasmuch as we believe that this case cannot be maintained in this court, the Plea to Jurisdiction is sustained and the claim dismissed.